**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 99-31006**
**Summary Calendar**

---

**JOSEPH L. JONES,**

**Plaintiff-Appellant,**

**v.**

**LOUISIANA PUBLIC SERVICE COMMISSION; LAWRENCE ST. BLANC;**
**Secretary; BRIAN EDDINGTON, General Counsel; VON M. MEADOR,**
**Administrative Director; EDWARD L. GALLEGOS,**
**Public Utilities Administrator; HAROLD J. LASSERRE, JR.,**
**Supervisor, Utilities,**

**Defendants-Appellees.**

---

**Appeal from the United States District Court for the**
**Middle District of Louisiana**
**Lower Docket Number 96-CV-3314-C**

---

June 23, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.[*]

PER CURIAM:

Reverend Joseph L. Jones appeals the district court's grant of summary judgment on civil rights claims he brought against his former employer, the Louisiana Public Service Commission. Finding no error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Preliminarily, we note that Jones's *pro se* brief dwells on two claims that are not properly before this court. Jones contends that the PSC violated Louisiana law in terminating him as a probationary employee. As best we can determine, he made no claim founded on Louisiana law in the district court. Second, Jones raises before this court the ADA claim that he voluntarily dismissed in the district court along with his other claims that were not resolved by Judge Parker's March, 1998 grant of partial summary judgment. This appeals court has no power to decide claims abandoned in the district court or never raised in that court at all. We will not consider them here.

As for Jones's civil rights claims, he asserts violations of substantive and procedural due process and the First Amendment, and racial discrimination. All of these claims arise out of the way in which his superiors responded to his claims of sleep apnea as the reason for attendance problems during the probationary period. Having carefully reviewed Jones's brief and pertinent portions of the record, we conclude that his brief fails to address the grounds on which the district court granted summary judgment. Jones does not cite evidence, as opposed to his conclusions and speculations, creating material fact issues on these civil rights claims. He does not satisfactorily explain how his due process rights were violated, because he failed to show that there is no adequate state post-termination remedy. Myers v. Klevenhagen, 97

2

F.3d 91 (5th Cir. 1996).  His retaliation claims are factually unsupported.  Because the defendants submitted evidence valid for summary judgment purposes that established the reasons for their decision and applicable PSC procedures, and plaintiff's evidence was either not relevant or not responsive, summary judgment was properly granted for the defendants.  Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986).

The judgment of the district court is **AFFIRMED**.